## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

CASE NO.:   6:13-CV-1456-ORL-28-GJK

GORDON FOLKES, individually,

     Plaintiff,

v.

COLLECTO, INC., d/b/a "EOS CCA",
a Massachusetts Corporation,

     Defendant.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1.     This is an action for damages arising from Defendant's violations of

47 U.S.C. § 227 *et seq.,* the Telephone Consumer Protection Act (TCPA) and 15

U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (FDCPA).

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§ 1331, 1367 as well as

47 U.S.C. § 227 *et seq.* and 15 U.S.C. § 1692k.  Venue in this District is proper

because Plaintiff resides here and Defendant placed telephone calls into this

District; a substantial part of the events or omissions giving rise to the claim

occurred in this District.

## PARTIES

3.    Plaintiff, GORDON FOLKES, is a natural person and citizen of the State of Florida, residing at all times relevant herein in Orange County, Florida.

4.    Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3).

5.    Defendant, COLLECTO, INC. ("Defendant" or "EOS CCA") is a Massachusetts Corporation, doing business as "EOS CCA", and whose principal offices are located at 700 Longwater Dr., Norwell, Massachusetts 02061.

6.    Defendant holds itself out as a national debt collector. Defendant offers debt collection services targeting consumer debts including but not limited to: student loans, healthcare debts, outstanding insurance premiums, and debts owed residential utility companies. Defendant does in fact provide in debt collection, and is therefore a debt collector within the meaning of 15 U.S.C. § 1692a(6).    Source: http://www.eos-cca.com/ (last accessed on September 10, 2013).

7.    Defendant promotes on its website that it utilizes "state-of-the-art technology" to contact consumers, including a device known as a *predictive dialer*.[1] A predictive dialer, also known as an "auto-dialer", qualifies as an

_____

[1] Source: https://www.eos-cca.com/Contactus/Locations/RochesterMiniSite/Divisions/Collectionservices/tabid/137/Default.aspx (last accessed on September 13, 2013).

*automatic telephone dialing system* as that phrase is defined by the TCPA. *See Griffith v. Consumer Portfolio Serv., Inc.*, 838 F.Supp.2d 723 (N.D. Ill. 2011) (refusing to permit defendant to re-litigate the issue of whether a predictive dialer qualifies as an automatic telephone dialing system pursuant to the Hobbs Act).

8.      Defendant has registered itself as a "consumer collection agency" with the Florida Office of Financial Regulation pursuant to Fla. Stat. § 559.553(1).

9.      With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

*(a) Abusive practices*

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

*(b) Inadequacy of laws*

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

10.     Over the past year (and perhaps longer), Plaintiff began receiving debt collection calls from Defendant.

11.    The calls at issue were placed to Plaintiff's cellular telephone, which, at all times relevant herein was under the exclusive dominion and control of Plaintiff; Plaintiff is also the subscriber with respect to the aforesaid cellular telephone account.

12.    Said calls, upon information and belief, were placed using an automatic telephone dialing system; upon answering the calls, Plaintiff would be met with a pre-recorded message. One such example of a pre-recorded voice message received by Plaintiff is as follows:

[August 12, 2013]

*We have an important message from EOS CCA. This is a call from a debt collector. Please call: 800-257-3140.*

13.    Upon information and belief, said calls were placed in an attempt to collect an alleged consumer debt owed by someone else. Plaintiff was later informed by a representative of "EOS CCA" that he was not in fact the target of Defendant's telephonic debt collection efforts. The identity of the actual alleged debtor and the exact nature of the underlying consumer debt can be ascertained through discovery.

14.    In response to Defendant's incessant debt collection calls, Plaintiff sent Defendant an email notification informing Defendant that Plaintiff was not the

alleged debtor Defendant attempted to contact. Additionally, Plaintiff orally requested that Defendant stop calling his cellular telephone.

15.    Beginning on or about July 2012 and continuing for several months thereafter, Defendant resumed its telephonic collection efforts, repeatedly placing automatically dialed collection calls and playing pre-recorded messages to Plaintiff's cellular telephone.

16.    Whether the intended recipient of the calls previously provided his cellular telephone number to EOS CCA or Defendant's creditor client is immaterial and not a legally cognizable defense to a violation of the TCPA. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1322 (S.D. Fla. 2012) (holding that the actual recipient, not the intended recipient, is the called party under the TCPA).

17.    Additionally, even if Defendant asserts that Plaintiff provided his prior express consent to be called, Plaintiff later revoked his consent to receive calls from Defendant, including those made with an auto-dialer and/or which played pre-recorded messages. *See Gager v. Dell Financial Services, LLC*, --- F.3d ----, 2013 WL 4463305 (3d Cir. August 22, 2013) (holding that under the TCPA consent to be contacted on a cellular phone can be revoked at any time, and subsequent autodialed calls to cell phones are violations of the Act).

18.     None of Defendant's telephone calls to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C § 227(b)(1)(A).

19.     None of Defendant's telephone calls to Plaintiff were placed with "prior express consent" as specified in 47 U.S.C. § 227(b)(1)(A).

## COUNT I
### VIOLATIONS OF 47 U.S.C. § 227 *et seq.*,<br>THE TELEPHONE CONSUMER PROTECTION ACT

20.     Plaintiff incorporates Paragraphs 1 through 19.

21.     Defendant, EOS CCA, within the four years preceding the filing of this complaint, placed telephone calls to Plaintiff's cellular telephone using a device which had the capacity to be utilized as an automatic telephone dialing system and/or played an artificial or prerecorded voice message.

22.     The aforesaid calls were made in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for:

a.     Statutory damages of $500 per call;

b.     Willful or knowing damages at $1500 per call;

c.     An injunction requiring Defendant to cease all communications with Plaintiff in violation of the TCPA;

      d.     Reasonable costs; and

      e.     Such other and further relief as the Court may deem appropriate.

## COUNT II
## TELEPHONIC HARASSMENT IN VIOLATION OF 15 U.S.C. § 1692d OF THE FAIR DEBT COLLECTION PRACTICES ACT

23.    Plaintiff incorporates Paragraphs 1 through 19.

24.    Defendant EOS CCA's illegal use of an auto-dialer to call Plaintiff as well as its unlawful use of prerecorded and/or artificial voice messages in an effort to collect a consumer debt from Plaintiff over the past year were in violation of 15 U.S.C. § 1692d of the Fair Debt Collection Practices Act. *See generally, Clarke v. Weltman, Weinberg & Reis, Co., L.P.A.*, No. 10-60600-CIV-COHN (S.D. Fla. July 15, 2010).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages, both statutory and actual;

      b.     Attorney's fees, litigation expenses and costs of the instant suit; and

c.     Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Dated: September 16, 2013

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
664 E. Hallandale Beach Boulevard
Hallandale Beach, Florida 33009
Telephone: 954.589.0588
Facsimile: 954.337.0666
scott@scottdowens.com

By: /s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651